IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY RHODES, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:23-cv-1189 |
| HIGHLAND PARK EMERGENCY CENTER, LLC (d/b/a/ Highland Park Emergency Center), | § § § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Randy Rhodes ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Highland Park Emergency Center, LLC (d/b/a/ Highland Park Emergency Center) ("Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1. This is a civil action brought by Plaintiff, on behalf of himself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendant.

2. Plaintiff was an hourly paid registered nurse ("RN") employed by Defendant from approximately August 2019 to approximately November 2022. Plaintiff was an hourly paid lead registered nurse ("LRN") employed by Defendant from approximately November 2022 to approximately April 28, 2023.

3. In addition to hourly pay as a RN and LRN, Defendant also paid Plaintiff night shift differential pay, weekend shift differential pay, and weekend night shift differential pay (the "Shift Differential Pay").

4. Plaintiff routinely worked in excess of 40 hours per seven-day workweek while employed by Defendant as an RN and LRN. Although Defendant generally paid Plaintiff time and one-half his hourly rate of pay for weekly hours worked over 40, Defendant did not include Shift Differential Pay in calculating Plaintiff's FLSA regular rate of pay which resulted in an underpayment of the overtime wages Defendant should have paid Plaintiff.

5. Defendant employs and employed numerous other hourly paid RNs and hourly paid LRNs who, like Plaintiff, regularly work and/or worked more than 40 hours per seven-day workweek, receive and/or received Shift Differential Pay, and are and/or were underpaid the FLSA overtime wages they are and/or were owed due to Defendant not including Shift Differential Pay in their respective regular rates of pay when calculating the FLSA overtime wages they should be paid and/or should have been paid.

6. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available, including FLSA unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Randy Rhodes

7. Plaintiff is a natural person.

8. Plaintiff performed the work for Defendant made the subject matter of this lawsuit in Dallas County, Texas.

### B. Putative Collective Action Members

*Plaintiff's Original Complaint – Page* 2

9. The putative collective action members are all current and/or former employees of Defendant who work/worked as RNs and/or LRNs, are/were paid on an hourly basis, are/were paid Shift Differential Pay, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek, but are not/were not paid all FLSA overtime premium pay owed because Defendant does not/did not include Shift Differential Pay in calculating their respective regular rates of pay.

10. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

11. Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

C. **Defendant Highland Park Emergency Center, LLC (d/b/a/ Highland Park Emergency Center)**

12. Defendant is a domestic limited liability company.

13. Defendant is registered with the Texas Secretary of State to conduct business transactions in Texas.

14. In 2020, 2021, 2022, and 2023, Defendant was an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA.

15. In 2020, 2021, 2022, and 2023, Defendant employed two or more employees.

16. In 2020, 2021, 2022, and 2023, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. Examples of such goods and/or materials include medical equipment, medical supplies, medication, personal protection equipment, computers, computer accessories, and phones.

17. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 during 2020, 2021, 2022, and 2023.

18. Defendant's principal place of business is located at 5150 Lemmon Avenue, Suite 108, Dallas, Texas 75209.

19. Defendant may be served with summons and a copy of this document through its registered agent, Dr. Robert Phelan, 5150 Lemmon Avenue, Suite 108, Dallas, Texas 75209.

**D.    Jurisdiction and Venue**

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

22. Jurisdiction and venue are proper in this Court because Defendant's principal place of business is in Dallas County, Texas.

### III.   FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Defendant provides emergency room related services at three locations in Dallas County, Texas and two locations in or around Harris County, Texas.

25. Plaintiff was employed by Defendant from approximately August 2019 to approximately April 28, 2023.

26. Plaintiff was employed as an hourly paid registered nurse ("RN") by Defendant from approximately August 2019 to approximately November 2022.

27. Plaintiff was employed as an hourly paid lead registered nurse ("LRN") by Defendant from approximately November 2022 to approximately April 28, 2023.

28. Plaintiff worked for Defendant at its emergency room locations in Dallas County, Texas. Those locations are/were generally known as the Highland Park Emergency Room, Lakewood Emergency Room, and the Preston Hollow Emergency Room.

29. Plaintiff's most recent hourly rate of pay relative to his employment with Defendant was $56.00.

30. In addition to hourly pay as a RN and LRN, Defendant also paid Plaintiff night shift differential pay, weekend shift differential pay, and weekend night shift differential pay (the "Shift Differential Pay").

31. Plaintiff's most recent night shift differential rate of pay was approximately $2.00 per night shift hour worked.

32. Plaintiff's most recent weekend shift differential rate of pay was approximately $4.00 per weekend shift hour worked.

33. Plaintiff's most recent weekend night shift differential rate of pay was approximately $6.00 per weekend night shift hour worked.

34. At no time during Plaintiff's employment with Defendant was his hourly Shift Differential Pay equal to or greater than time and one-half his base hourly rate of pay.

35. Plaintiff routinely worked in excess of 40 hours per seven-day workweek while employed by Defendant as an RN and LRN.

36. Defendant generally paid Plaintiff time and one-half his hourly rate of pay for weekly hours worked over 40.

37. Defendant did not include Shift Differential Pay in calculating Plaintiff's FLSA regular rate of pay.

38.     Defendant's failure to include Shift Differential Pay in calculating Plaintiff's regular rate of pay resulted in an underpayment of the overtime wages Defendant should have paid Plaintiff.

39.     Defendant employs and employed numerous other hourly paid RNs and hourly paid LRNs who, like Plaintiff, regularly work and/or worked more than 40 hours per seven-day workweek, receive and/or received Shift Differential Pay, and are and/or were underpaid the FLSA overtime wages they are and/or were owed due to Defendant not including Shift Differential Pay in their respective regular rates of pay when calculating the FLSA overtime wages they should be paid and/or should have been paid.

### IV.     CONTROLLING LEGAL RULES

40.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

41.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

42.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the

payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

43. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

44. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007). "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)).

45. The FLSA requires shift differentials to be included in the regular rate of pay. 29 C.F.R. § 778.207(a).

46. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

47. "Any employer who violates the provisions of [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of … their unpaid overtime compensation and … in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the employer, and costs of the action." 29 U.S.C. § 216(b).

## V.     FLSA CLAIMS

48. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

49. Defendant is an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

50. In 2020, 2021, 2022, and 2023, Defendant was an enterprise engaged in commerce under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A).

51. Plaintiff was an employee of Defendant in 2019, 2020, 2021, 2022, and 2023 pursuant to the FLSA. 29 U.S.C. § 203(e).

52. The putative collective action members are and/or were employees of Defendant at times relevant to this lawsuit.

53. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his claims in this lawsuit.

54. The putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1) relative to their respective employment with Defendant.

55. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

56. The putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

57. Defendant is and was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each seven-day workweek during Plaintiff's employment with Defendant. 29 U.S.C. § 207(a)(1).

58. Defendant is and was required to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek during their employment with Defendant. 29 U.S.C. § 207(a)(1).

59. Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during his employment with Defendant.

60. Defendant did not pay the putative collective action members time and one half- their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during their employment with Defendant.

61. The failure of Defendant to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

62. The failure of Defendant to pay the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

63. Plaintiff and the putative collective action members seek the maximum limitations period allowed under the FLSA. 29 U.S.C. § 255(a).

64. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available for Defendant's violation(s) of the FLSA including unpaid overtime wages, an equal amount in liquidated damages, FLSA mandated reasonable legal fees, FLSA mandated costs, and post-judgment interest.

## VI.     FLSA COLLECTIVE ACTION

65. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who work and/or worked as RNs and/or LRNs, are and/or were paid on an hourly basis, are and/or were paid Shift Differential Pay, and like Plaintiff, routinely work and/or worked 40 or more hours per seven-day workweek, but are not and/or were not paid all FLSA overtime premium pay owed because Defendant does not and/or did not include Shift Differential Pay in calculating their respective regular rates of pay.

66. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work and/or worked in excess of 40 hours per seven-day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

67. The relevant time period for the claims of Plaintiff and the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

68. Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

## VII.   DAMAGES AND PRAYER

69. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

    a. An Order certifying the FLSA overtime wage claims in this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

b. All damages allowed by the FLSA, including unpaid overtime wages,

c. Liquidated damages in an amount equal to unpaid FLSA overtime wages,

d. Reasonable legal fees,

e. Costs,

f. Post-judgment interest, and/or

g. All other relief to which Plaintiff and/or the Collective Action Members is/are justly entitled.

Date: May 23, 2023.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF